IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BILLY LUCERO,

        **Plaintiff,**

v.                                    CIV No. 06-0300 LH/ACT

MISSION CHEVROLET, INC.,

        **Defendant.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant Mission Chevrolet, Inc.,'s Motion to Dismiss for Failure to State a Claim and Supporting Statement of Law (Docket No. 14). This case was filed in this federal court pursuant to diversity jurisdiction. Defendant's motion seeks dismissal under the applicable statutes of limitation. The Court, having considered the motion, response and reply briefs, as well as applicable case law, concludes that Defendant's motion is **granted in part and denied in part.**

## I.  Legal Standards and Arguments

Defendant has filed its motion to dismiss under FED.R.CIV. P. 12(b)(6). Under this rule, Defendant has the burden of proving that no claim has been stated. To prevail, Defendant, as movant, must show beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle plaintiff to relief. *Issa v. Comp USA*, 354 F.3d 1174, 1178 (10th Cir. 2003). In

1

considering this motion, the Court must assume as true all well-pleaded facts, construing them in favor of the non-movant. *Housing Auth. of the Kaw Tribe of Indians v. City of Ponca City*, 952 F.2d 1183, 1187 (10th Cir. 1991). The issue in reviewing the sufficiency of a complaint is not whether the plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

Defendant argues that this complaint shows on its face that the applicable statute of limitations has run, and that it is subject to dismissal under Rule 12(b)(6). Specifically, Defendant argues that any claim based on an oral contract would be barred by applicable statutes of limitation, regardless of whether the New Mexico or the Texas statute of limitations is applied. Further, Defendant argues that because Plaintiff Lucero ("Lucero") was an at-will employee, he has no right to sue, based on an alleged breach of a written contract, and that accordingly there is no claim that could be litigated under a longer, six year, statute of limitations.

Lucero counters that his claim is based upon a written contract, governed by the six-year statute of limitations set forth in § 37-1-3 NMSA 1978 (1990 Repl.), and that accordingly, his claim is not time barred.

## II. Allegations of the Complaint

In relevant part, the complaint states the following: that many of the transactions and occurrences pertinent to Lucero's claims took place in the State of New Mexico (Compl. ¶ 4); that in the Fall of 2000, the parties struck up conversations that resulted in their agreeing to an employment contract regarding Lucero being hired as General Manager with two key terms relating to his income (*Id.* ¶¶ 9, 10); that based upon these representations and agreements, Lucero decided

2

to move his family to El Paso, Texas (*Id.* ¶ 11); that during February 2001, discussions were held, centered on modifying Lucero's pay plan to eliminate any guaranteed salary which had been part of the original employment agreement, and that if Lucero did not accept the cut in the guaranteed salary, that Lucero would be terminated (*Id.* ¶¶ 17-19); that on February 17, 2001, Lucero's employment with Defendant was terminated (*Id.* ¶ 22); that prior to and during the period of Lucero's employment, he received assurances of job security and employment with Defendant (*Id.* ¶ 23).

Count I, entitled "Breach of an Express Contract of Employment," states that the employment agreement and Defendant's assurances of continued employment constitute an express contract of employment." (*Id.* ¶ 26). Paragraph 28 of the complaint alleges that Defendant failed to abide by its representations to Lucero that it would provide a guaranteed salary and an agreed-to net profit percentage, job security and future employment. Paragraph 29 provides that these breaches damaged Lucero.

Count II, entitled "Breach of an Implied Contract of Employment," states that an implied employment contract was constituted by assurances that Lucero received from the Defendant ownership regarding his employment security, the terms and conditions of any employment agreements (including verbal agreements related to specific terms of that agreement), and provisions of employee handbooks in effect during Plaintiff's employment (*Id.* ¶ 32). Paragraph 34 states that Defendant breached the terms of the implied agreement by terminating Lucero under circumstances that directly contradicted assurances given to him, by failing to abide by the terms and conditions of Lucero's salary agreements with Defendant, and in violation of the provisions set forth in the employee handbook. Lucero alleges that, because of these breaches, he suffered damages. (*Id.* ¶ 35).

3

### III.  Discussion

The relevant time frame of events alleged by the complaint is:  the parties formed an employment contract in the Fall of 2000, Lucero began his employment in El Paso, Texas, in late November 2000, and alleged breaches of the contracts occurred in February 2001.  The complaint was filed in this matter on April 14, 2006, five years and two months following the alleged breaches.

The filing of a complaint operates to toll the running of a statute of limitations.  Under the circumstances in this case, in order for Lucero's claims to survive a statute of limitations challenge, they must be of a type that is not time barred when the complaint is filed more than five years following the alleged breach of contract.

### A.  Oral Contract

While the complaint alleges that many of the transactions and occurrences pertinent to Lucero's claims took place in the State of New Mexico (Compl. ¶ 4), it also appears throughout the complaint that relevant actions, including Lucero's actual employment, and circumstances surrounding the alleged breach of his employment contract, occurred in El Paso, Texas.

Under both New Mexico and Texas law, Lucero's claim for breach of an oral or implied contract is time barred.  The applicable  statute of limitations for oral contracts in the forum state of New Mexico is found at  § 37-1-4  NMSA 1978 (1990 Repl.)(barring claims that are more than 4 years old).  Likewise, Texas has a four year statute of limitations, that applies to *all* contract claims. *See* Tex.Rev.Civ.Stat.Ann. § 16.004 (2002).  In light of these statutes, Lucero's claims for an implied or oral contract are time barred.  Lucero makes no argument in opposition to dismissal of his breach of implied contract claim found in Count II of the complaint.  Count II shall be dismissed.

4

## B. Written Contract

What remains for consideration is whether or not Lucero has a claim, based upon a written contract, that is not time barred.  The Court must determine:  (1) if Lucero's complaint states a claim for breach of a written contract; and, (2) whether the six year statute of limitations of the State of New Mexico is applicable to Lucero's remaining claim, or whether this claim falls under Texas law, and is time barred.

The Court has carefully examined the complaint in an attempt to determine whether it contains a claim for breach of a *written* contract.  The title of the complaint indicates in part that it is for damages from breach of express contract.  An express contract "is an actual agreement of the parties, the terms of which are openly uttered or declared at the time of making it, ... either orally or in writing."  *Black's Law Dictionary* 323 (6th ed. 1990).  Thus, the term "express contract" does not necessarily indicate a *written* contract, but could apply to oral or written contracts.  Furthermore, nowhere does the text of the complaint state that the contract was in writing, nor is a copy of a written contract attached to the complaint.  While the briefs of both parties acknowledge the existence of a written contract in their briefs [1], such arguments of counsel cannot be used to either establish or disprove the legal sufficiency of the complaint under Rule 12.  It is the allegations of the complaint that are material to this analysis in this instance.  Paragraphs 9 and 10 of the complaint state that the parties struck up conversations regarding the hiring of Lucero by Defendant for the position of General Manager, and that these conversations resulted in their agreeing to an

---

[1]For example, in its motion at page 4, Defendant states: "... the only written agreement alleged by Plaintiff was the document setting forth the terms of Plaintiff's compensation.  This document (referred to as a pay plan) does not rise to the level of an employment contract because it includes no terms that could not be unilaterally modified by Defendant."

employment contract. The complaint does not state whether this "employment contract" was oral or written.

The Court is cognizant that dismissal under Rule 12 is a harsh remedy, and that, as mentioned above, the Court is compelled to construe all well pleaded facts in favor of the non-movant, Lucero. *Housing Auth. of the Kaw Tribe of Indians v. City of Ponca City*, 952 F.2d at 1187. The language of the complaint, while vague, could be construed to state a cause of action for the breach of a written contract. Defendant does not even dispute that Lucero's claim is based upon a written contract. For these reasons, the Court is unable to conclude that Defendant, as movant, has met its burden of showing that "beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle plaintiff to relief." *Issa v. Comp USA*, 354 F.3d at 1178. Because an "express contract" can be oral or written, the Court is unable to say at this juncture, based upon a facial review of the complaint, as a matter of law, that Lucero has *not* stated a claim for breach of a written contract. The legal sufficiency of this claim might be more appropriately challenged at the summary judgment stage.

It remains incumbent upon the Court however, to determine if Lucero's claim for breach of a written contract survives a statute of limitations challenge. In making this determination, the Court must determine whether the law of the State of New Mexico, or the law of the State of Texas, applies. The traditional rule is that the law of the state where the case is filed governs the limitations of actions, which is considered a procedural issue, regardless of where the cause of action arose, whether or not the action would be barred in the state in which it arose. *Sun Oil Co. v. Wortman*, 486 U.S. 717 (1988). Generally, a federal court sitting in diversity applies the forum state's choice of law. *See Trierweiler v. Croxton & Trench Holding Corp.*, 90 F.3d 1523, 1532 (10th Cir. 1996).

6

The New Mexico Supreme Court has indicated that under New Mexico's choice of law precedence, statutes of limitations as procedural, and that the law of the forum governs matters of procedure. *See Sierra Life Ins. Co. v. First National Life Ins. Co.*, 85 N.M. 409 (1973).

Therefore, I conclude that New Mexico's six year statute of limitations is applicable to this case. Assuming, without deciding, that whatever written agreement between the parties does not include a contrary choice of law provision, the Court concludes that Lucero's claim would not be barred, applying this six year statute. In other words, if there is a written contract that contains its own, different, statute of limitations, it will be considered by this Court. *See Jim v. CIT Financial Services Corp.*, 87 N.M. 362 (1975). Unless and until such a provision is proved to the Court, Count I of the complaint shall be deemed to have been timely filed.[2]

The Court, having considered Defendant Mission Chevrolet, Inc.,'s Motion to Dismiss for Failure to State a Claim and Supporting Statement of Law (Docket No. 14), concludes that it is **granted in part and denied in part.**

**WHEREFORE**, **IT IS HEREBY ORDERED** that Count II of the complaint, entitled "Breach of an Implied Contract of Employment" is hereby dismissed, and that Count I of the complaint, entitled "Breach of an Express Contract of Employment" states a cause of action for breach of a written contract, which is not barred by the applicable statute of limitations.

**IT IS SO ORDERED**.

_____
**SENIOR UNITED STATES DISTRICT JUDGE**

---

[2] The Court notes that Defendant raises factual issues, such as the status of Lucero as an at-will employee, arguing that such status would give Defendant the right to change the terms of Lucero's compensation. Such factual arguments are clearly beyond the scope of Rule 12, and the Court has disregarded them in making its ruling.