IN THE UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

BILLY LUCERO,

      Plaintiff,

v.                                                                        No. Civ. 06-300 LH/ACT

MISSION CHEVROLET, INC.,

      Defendant, a foreign corporation.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on the Motion for Summary Judgment (Doc. 26), filed by Defendant Mission Chevrolet, Inc., ("Defendant") on March 27, 2007, and on the Motion to Strike Defendant's Motion for Summary Judgment (Doc. 28), filed by Plaintiff Billy Lucero ("Plaintiff") on April 17, 2007. The Court, having considered the motions, memoranda, responsive briefs, and applicable law, concludes that Plaintiff's motion to strike should be denied and Defendant's motion for summary judgment should be granted.

**I.**     **FACTUAL BACKGROUND**

Plaintiff and Defendant struck up conversations in the fall of 2000 regarding Defendant hiring Plaintiff as General Manager. Defendant's owners, including Wayne Wallace, Ron Wallace, and Michael Armstrong, promised Plaintiff that he would remain employed at Mission Chevrolet as long as he satisfactorily performed his job duties as General Manager. Plaintiff requested and received these assurances of job security because, in order to take the job, he and his family would have to move from Albuquerque, New Mexico, to El Paso, Texas.

On October 30, 2000, Plaintiff and Defendant executed a one-page document entitled "Mission Chevrolet Pay Plan for Billy Lucero" (hereinafter "Pay Plan"), which describes Plaintiff's

compensation by Defendant. Plaintiff began his employment with Defendant in late November 2000. Shortly after Defendant hired Plaintiff, Defendant's ownership offered to lend Plaintiff money to immediately purchase a home so that he could bring his family to El Paso without delay.

In February 2001, Defendant's management tried to change the terms of the Pay Plan to eliminate any guaranteed salary. Plaintiff refused to do so. Within a week of Plaintiff's refusal to take a cut in salary, Defendant's management told Plaintiff that if he did not take the cut, he would be fired. On February 17, 2001, Defendant terminated Plaintiff.

## II.    PROCEDURAL HISTORY

On April 14, 2006, Plaintiff filed a two-count complaint for breach of an express employment contract and breach of an implied employment contract. Plaintiff's complaint alleges that his claim for breach of express contract is based on Defendant's failure to abide by certain representations to Plaintiff regarding job security and future employment. Plaintiff alleges that the "employment agreement and Mission's assurances of continued employment constitute an express contract of employment." Compl. ¶ 26.

Defendant filed a motion to dismiss (Doc. 14) on August 2, 2006, on the ground that the applicable statutes of limitation had run on Plaintiff's breach of express and implied contract claims. The Court in a Memorandum Opinion and Order (Doc. 24) granted Defendant's motion in part. Without deciding whether New Mexico or Texas law applied, the Court ruled that Plaintiff's claim for breach of an oral or implied contract was barred either by New Mexico's four-year statute of limitations for oral contracts or by Texas' four-year statute of limitations that applies to all contracts. The Court therefore dismissed Count II of the complaint.

The Court, however, denied Defendant's motion to dismiss Count I. Although the complaint did not indicate whether the "express" contract was written or oral, the Court liberally construed the

complaint for breach of an "express" contract as possibly stating a claim for breach of a written contract. The Court explained: "Because an 'express contract' can be oral or written, the Court is unable to say at this juncture, based upon a facial review of the complaint, as a matter of law, that Lucero has *not* stated a claim for breach of a written contract. The legal sufficiency of this claim might be more appropriately challenged at the summary judgment stage." Mem. Op. and Order (Doc. 24) at 6. The Court further concluded that New Mexico's six-year statute of limitations for breach of written contract claims applied to Count I, and thus, that Count I should not be dismissed.

On November 30, 2006, the Honorable Alan C. Torgerson entered an Order requiring the parties in the case to file pretrial motions, other than discovery motions, by March 15, 2007. Order (Doc. 23) at 1. The Order further provided that any extension of case management deadlines must be approved by the Court. *Id.* On March 1, 2007, Judge Torgerson held a Rule 16 settlement conference. In the Clerk's Minutes regarding the settlement conference (Doc. 25), Judge Torgerson noted that the settlement conference would be rescheduled pending a ruling on a summary judgment motion that Defendant was to file.

On March 27, 2007, without requesting an extension of the motion deadline, Defendant filed its motion for summary judgment (Doc. 26), arguing that Plaintiff's sole remaining claim for breach of express contract was not filed within the applicable statute of limitations period. After the Court entered its January 31, 2007 Memorandum Opinion and Order, Plaintiff stipulated that the only document that Plaintiff asserts was an express written contract breached by Defendant is the Pay Plan. *See* Def.'s Mot. for Summ. J. (Doc. 26), Ex. A at Ex. 1. Defendant argues that the Pay Plan has no express terms regarding its length, and thus Plaintiff must rely on oral representations regarding continued employment. Defendant contends that, because Plaintiff's breach of written contract claim necessarily relies upon additional oral representations, his claim is barred by New

Mexico's four-year statute of limitations for oral contracts.

In response, Plaintiff argues that the Pay Plan, at the least, was a contract regarding payment while he was employed by Defendant, which Defendant breached when it did not pay Plaintiff pursuant to the Pay Plan while he was still employed by Defendant. Second, Plaintiff argues that the six-year statute of limitations applies because the contract is a written contract merely lacking a material term. Plaintiff asserts that the Court can consider parol evidence to insert the additional term regarding the length of the contract. Plaintiff also filed a Motion to Strike Defendant's Motion for Summary Judgment (Doc. 28, filed April 17, 2007), arguing that Defendant violated the scheduling order by filing the motion for summary judgment 12 days after the deadline for filing such motions.

### III. STANDARD

Summary judgment is appropriate only if "'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. *Quaker State Minit-Lube, Inc. v. Fireman's Fund Ins. Co.*, 52 F.3d 1522, 1527 (10th Cir. 1995) (quoting Fed. R. Civ. P. 56(c)). "All facts and reasonable inferences must be construed in the light most favorable to the nonmoving party." *Id.* (internal quotations omitted). Under Rule 56(c), the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). Rather, only disputes of facts that might affect the outcome of the case will properly preclude the entry of summary judgment. *Id.* at 248.

Initially, the moving party bears the burden of showing that no genuine issue of material fact exists. *Shapolia v. Los Alamos Nat'l Lab.*, 992 F.2d 1033, 1036 (10th Cir. 1993). Once the moving

party meets its burden, the nonmoving party must show that genuine issues remain for trial. *Id.* The nonmoving party must go beyond the pleadings and by its own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial. *See id.*; *Kaus v. Standard Ins. Co.*, 985 F.Supp. 1277, 1281 (D. Kan. 1997) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)). There is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. *See Anderson*, 477 U.S. at 248.

## IV. DISCUSSION

### A. Plaintiff's Motion to Strike

Federal Rule of Civil Procedure 16(b) states that a scheduling order "shall not be modified except upon a showing of good cause and by leave of the district judge or . . . by a magistrate judge." Similarly, the United States District Court for the District of New Mexico's Local Rule 16.1 provides that modification of deadlines in the Court's scheduling orders requires a showing of good cause and Court approval. D.N.M.LR-Civ. 16.1. To determine whether a party has good cause to extend a deadline, the Court looks at the party's diligence in attempting to meet the case management order's requirements. *See Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001) (citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)). Prejudice to the opposing party and other relevant factors may affect the court's decision. *See id.* The district court has discretion as to whether to consider an untimely filed pretrial motion and what, if any, sanctions to impose on a party or party's attorney who fails to obey a scheduling order. *See* Fed. R. Civ. P. 16(f); *Martinez v. Cornell Corrections of Texas, Inc.*, 377 F.Supp.2d 1138, 1140 (D.N.M. 2005).

In this case, Defendant filed its motion for summary judgment 12 days late without requesting Court approval for the extension. Defense counsel asserts that, based on what occurred

at the scheduling conference, he understood that the dates in the scheduling order were no longer applicable because the case would be on hold pending a decision on the motion for summary judgment. Defendant points out that Plaintiff neglected to timely submit its portion of the pre-trial order to Defendant, indicating that Plaintiff, too, thought that the deadlines in the scheduling order were no longer in effect. Given defense counsel's misunderstanding, the Court is not inclined to sanction Defendant for the delay. There is no indication that Plaintiff has been prejudiced by the 12-day delay. No trial date has been set and deciding the summary judgment motion may ultimately conserve court resources. The Court therefore does not believe that the interests of justice warrant striking Defendant's motion. Given its considerable discretion, the Court will deny Plaintiff's motion to strike and will consider the merits of Defendant's motion for summary judgment.

### B.     Defendant's Motion for Summary Judgment

New Mexico applies a four-year statute of limitations for breach of oral contracts, *see* NMSA § 37-1-4, and a six-year statute of limitations for breach of written contracts, *see* NMSA § 37-1-3. Because Plaintiff filed his complaint more than five years after the alleged breaches occurred, Plaintiff's claim for breach of an express contract only survives if the claim arises from a written contract. Defendant argues that Plaintiff's claim rests on both the written Pay Plan and oral representations, and thus, is deemed an oral contract for purposes of the statute of limitations.

In New Mexico, a contract that is not entirely in writing and that requires parol evidence to complete the contract and warrant a recovery is regarded as an oral contract. *See Flores v. Baca*, 25 N.M. 424 (1919). Even if the contract is partly in writing, the shorter statute of limitations for oral contracts applies, if the contract also rests partly in parol evidence. *See Cunningham v. Fiske*, 13 N.M. 331 (1906) (quoting *Bd. of Comm'rs of Marion County v. Shiply*, 77 Ind. 553 (1881)) (explaining that where contract has both oral and written terms, contract cannot be said to be in

writing for purposes of longer statute of limitations "unless the parties thereto, as well as its entire terms and stipulations, can be gathered from the instrument itself or from some other written instrument referred to therein, without the aid of parol evidence to ascertain either"). *See also Nance v. L.J. Dolloff Associates, Inc.*, 2006-NMCA-012, ¶¶ 19-21, 138 N.M. 851 (2005) (four-year statute of limitations applicable to oral contracts applied to insured's claim that broker breached contract to procure insurance coverage, even though written fax confirmed that insurer was bound, because fax was only written contract *of* insurance and did not reflect oral contract *for* insurance).

Numerous other courts apply the statute of limitations for oral contracts where a contract is partly oral and partly written. *See*, *e.g.*, *UAW v. Hoosier Cardinal Corp.*, 383 U.S. 696, 706-07 (1966) (applying shorter statute of limitations under Indiana law for oral contracts where union brought suit against employer under Labor Management Relations Act for vacation pay allegedly due employees under written collective bargaining agreement, because proof of breach and of measure of damages depended upon proof of existence and duration of separate oral employment contracts between employer and each aggrieved employee); *Biddle v. Mountain States Tel. & Tel. Co.*, 629 F.2d 571, 572 (9th Cir. 1980) (statute of limitations governing oral contracts applies where contract is partly oral and partly written); *Turner and Boisseau, Inc. v. Nationwide Mut. Ins. Co.*, 944 F.Supp. 842, 846 (D. Kan. 1996) ("In order to fall within the five-year statute of limitations, an agreement, contract, or promise must contain all of its material terms in writing. . . . Similarly, where a writing is dependent upon implied promises which are not express provisions of the written agreement, the three-year statute of limitations controls a cause of action based on the agreement."); *Beekman v. Cornhusker Farms*, 333 N.W.2d 918, 920 (Neb. 1983) (statute of limitations for parol agreements applied to farming agreement that was modified by subsequent parol agreements).

Here, the Pay Plan only contains terms regarding salary and the amount of the guarantee.

Plaintiff relies on oral representations to supply the missing term concerning the length of the contract. Plaintiff's argument that the Court may consider parol evidence to supply the missing term is unavailing. Although parol evidence may be admissible, the admission of parol evidence does not shed light on the proper statute of limitations to apply where a contract contains both written and oral terms. Plaintiff has not cited any authority for the proposition that a writing dependent on implied promises is governed by the longer statute of limitations for written contracts. Because the Pay Plan contains no written terms regarding the length of the contract, Plaintiff's claim for continued employment is dependent on implied promises. The contract at issue is thus partly oral and partly written. Under New Mexico law, the four-year statute of limitations therefore applies to Plaintiff's claim for breach of express contract. Consequently, this claim is time-barred.

Plaintiff nevertheless asserts that his complaint also alleges breach of contract for Defendant's failure to properly pay him while he was employed by Defendant. Plaintiff argues that these backward-looking losses are based on only the written terms of the Pay Plan, and thus, this claim is subject to the six-year statute of limitations for breach of written contracts. The problem with this argument is that the express contract upon which Plaintiff relies is partly oral and partly written: "The employment agreement and Mission's assurances of continued employment constitute an express contract of employment." Compl. ¶ 26. For purposes of the statute of limitations, such a contract is treated as an oral contract. Plaintiff has cited no authority that the Court can treat certain portions of this single employment contract as written to avoid the statute of limitations applicable to the entire express contract. Rather, the authority appears to be to the contrary. *See DePhillips v. Zolt Const. Co., Inc.*, 959 P.2d 1104, 1108 (Wash. 1998) (shorter statute of limitations for oral contracts applies "where resort to parol evidence is required *to establish **any** material element*") (internal quotations omitted and bold emphasis added); *Cunningham v. Fiske*, 13 N.M.

331 (1906) (contract cannot be said to be in writing for purposes of statute of limitations unless "its entire terms and stipulations" can be determined from written instrument itself).  Because Plaintiff alleges that the written Pay Plan does not contain the entirety of the agreement between the parties, Plaintiff's breach of express contract claim is governed by the four-year statute of limitations for oral contracts, and consequently, is barred.

**IT IS THEREFORE ORDERED** that:

1. Plaintiff's Motion to Strike Defendant's Motion for Summary Judgment (Doc. 28) is **DENIED**; and

2. Defendant's Motion for Summary Judgment (Doc. 26) is **GRANTED**.

_____
SENIOR UNITED STATES DISTRICT JUDGE